THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RODNEY P. (ANONYMOUS), Appellant

No opinion. (The appeal also brought up for review the denial of defendant's motion to suppress a certain oral admission.) Ughetta, Acting P. J., Christ, Brennan and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment, to suppress the oral admission and

to remand the action to the County Court for further proceedings, with the following memorandum: After receiving a complaint concerning the larceny of a 1963 Chevrolet sedan, the police arrested one Daniel W. (a minor). He named defendant as his accomplice and offered to point out defendant's home to the officers. When a detective approached the house he observed three boys on the side steps. He asked which of them was the defendant and requested the other two to leave. In answer to a question, defendant admitted his complicity in the larceny. A written statement was thereafter taken from defendant at the station house. Upon the foregoing evidence at the suppression hearing, the trial court held that defendant had never been properly advised of his rights in accordance with *Miranda* v. *Arizona* (384 U. S. 436). The written statement was suppressed, but the oral admission was found valid on the theory that it was taken during a time when the detective was merely investigating a crime. I am of the opinion that the oral admission should also have been suppressed. The police already had probable cause to believe that the crime had been committed and an accomplice had identified defendant as a principal in its commission. Under these circumstances, it must be inferred that at the time of the first questioning the detective had gone to defendant's home for the purpose of making an arrest. The investigation had therefore focused upon defendant, whose freedom of action was, at that time, impaired in a significant way and he was then entitled to be advised of his rights (*Miranda* v. *Arizona, supra,* p. 444).